UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

November 27, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Tavonda H. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-0150-CDA

Dear Counsel:

On January 20, 2023, Plaintiff Tavonda H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11 and 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion and AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on September 24, 2019, alleging a disability onset of June 11, 2019. Tr. 110. However, Plaintiff amended her alleged onset date to April 1, 2017. Tr. 11. Plaintiff's claims were partially awarded initially on November 6, 2020, granting disability as of July 1, 2020. Tr. 132–135. However, upon reconsideration, Plaintiff's claims were denied. Tr. 145–155. On May 31, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 45–65. Following the hearing, on July 22, 2022, the ALJ partially awarded benefits granting disability as of July 1, 2020, within the meaning of the Social Security Act.[1] Tr. 7–29. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] 42 U.S.C. §§ 301 et seq.

*Tavonda H. v. Kijakazi*
Civil No. 23-0150-CDA
November 27, 2023
Page 2

continuous period of not less than 12 months[.]"   42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "ha[d] not engaged in substantial gainful activity since the amended alleged onset date."  Tr. 14.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "hypertension, spine disorder, irritable bowel syndrome (IBS), obesity, depression, [and] anxiety."  Tr. 14.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 14.  Despite these impairments, the ALJ determined that Plaintiff, since April 1, 2017, retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, never crawl. She can never work around unprotected heights or moving mechanical parts. She is able to use judgment to make simple work-related decisions, but she cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. She can tolerate frequent interaction with co-workers, and supervisors, and occasional interaction with the public. She must have a sit/stand option that allows her to sit or stand alternately, at 30 minutes intervals, while remaining on task while in either position during the work period. She can work at jobs in a low stress work environmental defined as requiring only occasional decision making and occasional changes in the work setting.

Tr. 16.  The ALJ determined that Plaintiff was unable to perform past relevant work as a corrections officer (DOT[2] # 372.667–018) but could perform other jobs that existed in significant numbers in the national economy from before the date the Plaintiff's age category changed on July 1, 2020. Tr. 22.  Therefore, the ALJ concluded that Plaintiff was not disabled between the amended alleged onset date of April 1, 2017, and before July 1, 2020, when the ALJ determined Plaintiff to

---

[2] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

be disabled.  Tr. 22.

### III.    LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    ANALYSIS

Plaintiff raises one overarching argument on appeal: that the ALJ's RFC presented to the vocational expert ("VE") was legally insufficient because the RFC did not reflect all of Plaintiff's substantiated limitations. ECF 11–1, at 9. Plaintiff argues that (1) the ALJ's findings concerning Plaintiff's ability to stand, walk, and lift objects during the workday are "unconscionable"; and (2) Plaintiff's anxiety and depression affect her ability to focus, concentrate, and attend work on a regular basis, which is supported by substantial evidence. ECF 11–1, at 10. Defendant counters that substantial evidence supports the ALJ's RFC finding for two reasons. First, Defendant argues that substantial evidence supports the ALJ's finding that Plaintiff "could do light work with other enumerated postural and hazard limitations and a sit/stand option." ECF 13, at 7. Second, Defendant contends that substantial evidence specifically supports the "mental RFC findings." ECF 13, at 10.

An RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 416.945(b)–(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 416.945(a). "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas*, 916 F.3d at 311). "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). In *Mascio*, the Fourth Circuit held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in

*Tavonda H. v. Kijakazi*
Civil No. 23-0150-CDA
November 27, 2023
Page 4

the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015)). "While there is no requirement that each impairment correlate with the particular restrictions in the RFC, the ALJ's findings of Plaintiff's limitations must be supported by substantial evidence." *Larry J. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3252, 2021 WL 4170250, at *2 (D. Md. Sept. 14, 2021) (citing *Carrier v. Astrue*, No. SAG-10-3264, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013)).

Plaintiff maintains that "it is unconscionable that the ALJ finds that [Plaintiff] can stand and/or walk six hours in an eight-hour work day, and lift up to 20 pounds" considering "the severity and subjective reports of [Plaintiff's] lower back and left leg pain . . . when standing and walking," "multilevel degenerative changes" of the lumbar spine, and "recommend[ed] surgery due to the progression of [Plaintiff's] lumbar spine and radiculopathy[.]" ECF 11–1, at 10. As noted, the ALJ found Plaintiff's spine disorder to be a severe impairment. Tr. 14. The ALJ added limitations in the RFC to address these impairments, including prohibitions on "climb[ing] ladders, ropes, or scaffolds" and "crawl[ing]," as well as requiring a "sit/stand option that allows [Plaintiff] to sit or stand alternately, at 30 minutes intervals, while remaining on task while in either position during the work period." Tr. 16.

The ALJ's opinion makes clear that they evaluated the relevant evidence in the record addressing Plaintiff's lower back pain and extremity weakness and pain. This includes the exact evidence Plaintiff suggests would have led the ALJ to a different conclusion. For example, the ALJ expressly acknowledged that "[d]espite several normal physical exams, an MRI of the lumbar spine revealed spondylosis and stenosis, which supports the claimant's reports of back pain, and diffuse tenderness, which supports the light limitation." Tr. 19. The ALJ also considered the recommended surgery, noting that, "[claimant] tried physical therapy, but it was not effective, and so her doctor offered surgery, an arthrodesis at L4-5 with left-sided decompression and interbody grafting at L4-5. . . . The doctor noted that her main issue with having surgery was obesity." Tr. 18. The ALJ also observed that Plaintiff reported "no medical concerns" at a November 2019 visit to Aspire Wellness Center and that in January 2020, a review of systems was negative, with no myalgia, arthralgia, leg cramps, or back pain reported. Tr. 18, 492, 487. The ALJ further noted Plaintiff's records from the relevant period showed normal examinations, including that she had a normal gait, full motor strength, normal reflexes and sensation, normal range of motion, and a negative straight leg raise test. Tr. 17. The opinion also considered evidence in the record demonstrating Plaintiff's subjective complaints of "back pain, she rated her pain at 10/10 and she described it as stabbing, throbbing, burning, and radiating down both legs, the left leg worse than the right . . . [and had] diffuse tenderness." Tr. 19.

The ALJ considered Plaintiff's subjective complaints when determining her RFC. Tr. 19. The ALJ further explained that the prior medical findings of Richard Surrusco, M.D., were persuasive as to various aspects of Plaintiff's physical functioning. Tr. 19. For example, Dr. Surrusco opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday. Tr. 95; *see Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017) (affirming the ALJ's decision when the ALJ assigned persuasive value to a medical opinion that "provide[s] substantial

*Tavonda H. v. Kijakazi*
Civil No. 23-0150-CDA
November 27, 2023
Page 5

support for" the ALJ's RFC provisions). The ALJ went further by adding a restriction for sit/stand in 30-minute intervals. Tr. 19. In short, Dr. Surrusco opined that Plaintiff could perform work at the light exertional level. Tr. 19, 94–96. The ALJ's findings reflect consideration of—and an RFC responsive to—this medical opinion.

Considering the opinion's discussion of the evidence relevant to Plaintiff's challenge, Plaintiff's "unconscionable" argument amounts to a request to reweigh the evidence. "This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Although reasonable minds may differ as to whether Plaintiff can stand and/or walk six hours in an eight-hour workday and lift up to 20 pounds, with an additional restriction on the sit/stand option at 30-minute intervals, the Court must uphold the ALJ's determination on this point because it is supported by substantial evidence.

Plaintiff's second argument is that the ALJ's RFC finding was not supported by substantial evidence, specifically relating to anxiety and depression. ECF 11–1, at 10. As noted, the ALJ found both anxiety and depression to be severe impairments and added limitations[3] in the RFC to account for such impairments. Tr. 14, 16. Again, the ALJ properly weighed the evidence addressing Plaintiff's mental impairments and, in making their determination, cited the evidence now highlighted by Plaintiff. For example, Plaintiff avers that Nelly Kangethe's medical opinion should have been accounted for in the RFC determination. ECF 11–1, at 11. The ALJ fully considered Ms. Kangethe's opinion and found it unpersuasive[4] due to its inconsistencies with the mental status exams in the record and the fact that Plaintiff had normal concentration, recall, cognition, thought, insight, and judgment. Tr. 20. Plaintiff focuses on her psychiatric records from February 15, 2017, which details her subjective reports of having anxiety, depression, crying spells, and of running out of her medication. Tr. 337. The ALJ considered these multiple subjective reports throughout his decision, including adequately summarizing testimony from the hearing at the beginning of the RFC assessment. Tr. 17–20. The ALJ need not discuss every piece of evidence of record or follow a particular format in conducting his analysis. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) ("there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision"). As such, Plaintiff's argument that the ALJ's RFC finding is unsupported by substantial evidence is unavailing.

Plaintiff highlights evidence shedding light on Plaintiff's anxiety and depression. ECF 14-1, at 21–22. However, this argument ignores that the ALJ cited to and discussed evidence

---

[3] Specifically, the ALJ, in Plaintiff's RFC, limited her to occasional interaction with the public, work in low stress job environments that require only occasional decision making and changes in the work setting. Tr. 16.

[4] *See* 20 C.F.R. §§ 404.1520c, 416.920c (discussing the ALJ's task of assessing a medical opinion's persuasiveness).

*Tavonda H. v. Kijakazi*
Civil No. 23-0150-CDA
November 27, 2023
Page 6

addressing the same issue and, accordingly, determined that Plaintiff's RFC was limited to low stress work environments requiring occasional decision-making and occasional changes in the work setting. Tr. 16. "This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske*, 476 F. App'x at 527 (quoting *Johnson*, 434 F.3d at 653). Furthermore, where a plaintiff "has not made any attempt to show how a more complete analysis would have resulted in a more restrictive RFC or a different outcome[,] . . . such harmless error does not warrant remand." *Roshelle S.-B. v. Kijakazi*, No. BAH-21-2842, 2022 WL 4448924, at *4 (D. Md. Sept. 23, 2022) (quoting *Turner v. Colvin*, No. 13-761, 2015 WL 502082, at *11 (M.D.N.C. Feb. 5, 2015), *report and recommendation adopted*, 2015 WL 12564210 (M.D.N.C. Mar. 6, 2015)). The Court finds that such evidence was considered and, in any event, that Plaintiff fails to demonstrate how the purported failure would have altered the RFC.

      As a final matter, the Court finds the sole case Plaintiff cites to support her argument unavailing and inapposite. Plaintiff contends that the hypothetical questions posed to the VE are only "relevant and helpful" when all of Plaintiff's substantiated impairments are represented. ECF 11–1, at 9 (citing *Walker v. Brown*, 889 F.2d 47, 50–51 (4th Cir. 1989)). This correct recitation of law has no bearing on the facts before the Court. In *Walker*, the Fourth Circuit remanded because, among other things, the ALJ's hypothetical questions "were not particularly useful" in that they did not "ensure[] that the [VE] knew what the claimant's abilities and limitations were." *Id.* at 51. In Plaintiff's case, however, the ALJ properly ascertained Plaintiff's abilities and limitations based on the evidence and relevant hypothetical questions. *See* Tr. 61–65. The ALJ included in his hypothetical questions limitations such as occasionally climbing ramps and stairs; never climbing ladders, ropes or scaffolds; occasionally balancing, stooping, kneeling, but never crawling; and including a sit/stand option. Tr. 62. Because these questions set forth the relevant impairments and limitations, the concerns underlying the *Walker* conclusion are not present here.[5]

---

[5] Because the RFC was not deficient for the reasons explained above, Plaintiff's suggestion that the ALJ provided a hypothetical question to the vocational expert which "contain[ed] a legally insufficient RFC" is unavailing. ECF 11-1, at 11.

*Tavonda H. v. Kijakazi*
Civil No. 23-0150-CDA
November 27, 2023
Page 7

**V.      CONCLUSION**

      For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11–1, is DENIED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.  Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.

                              Sincerely,

                              /s/

                              Charles D. Austin
                              United States Magistrate Judge